[Civ. No. 3867. Third Appellate District.—June 25, 1930.]

ERNEST J. KAISER, Respondent, v. HENRY KAISER, et al., Appellants.

Louttit & Marceau and Jacobs & Jacobs, for Appellants.

Berry & Watson for Respondent.

FINCH, P. J.—The complaint alleges that the defendants leased 160 acres of land to the plaintiff for the cropping season of 1927 and 1928 for the raising of wheat thereon, the defendants to receive as rental one-third of the crop and the plaintiff to receive two-thirds thereof, he to pay all the expenses of producing and harvesting the crop; that the plaintiff planted the land to wheat and, "in all respects, duly complied with the terms and requirements of said lease upon his part"; that about March 2, 1928, "and shortly before said wheat crop was ready to harvest and before the same was harvested, the defendants, wrongfully and without the consent and against the will of the plaintiff, ejected plaintiff from said premises and took

possession of said premises and said crop and thereafter proceeded to harvest said crop and refused to acknowledge any interest therein on the part of the plaintiff and declared that the plaintiff had no interest therein and refused to account to plaintiff for any part or proceeds of said crop, or to repay or reimburse him in any manner whatsoever in the premises.'' The prayer is for an accounting of the proceeds of the crop and for judgment for the amount found upon such accounting to be due to the plaintiff.

The answer denies the allegations of the complaint and alleges as a counterclaim that the ''plaintiff is indebted to the defendants in the sum of $780 for board, room and laundry furnished by defendant to plaintiff.''

The court found that the land involved is the separate property of the defendant Henry Kaiser, who will be referred to as the defendant; that the plaintiff and the defendant entered into a verbal agreement of lease as alleged in the complaint and ''that in and by said agreement it was further agreed that the plaintiff should perform certain labor, to-wit, the care of pasture stock, the doing of certain chores and otherwise caring for certain other property and premises of said defendant adjoining said property leased, . . . for which the plaintiff was to be paid'' $25 a month; that the plaintiff performed the terms of the agreement on his part; that he performed such labor for eleven months; that the defendant advanced all of the money used in the ''production and hauling of said crop,'' and ''it was agreed between the said parties that defendant should be repaid by the application of the wages due plaintiff from said defendant and out of the proceeds of said crop''; that the defendant took possession of the crop ''against the will and without the consent of the plaintiff''; and that the plaintiff was indebted to the defendant in the sum of $500 for board and room.

The court charged the defendant with two-thirds of the market value of the wheat produced and with the wages due the plaintiff and credited him with all sums of money advanced or paid out by him in producing and harvesting the crop and also the amount found to be due him from the plaintiff for board and lodging. Judgment was entered in favor of the plaintiff for the difference between the

amounts of such charges and credits. The defendant has appealed from the judgment.

There is no conflict in the evidence in relation to the employment of the plaintiff by the defendant, the performance by the plaintiff of labor as found by the court, or the agreed compensation to be paid therefor. ■ The plaintiff testified positively that he and the defendant entered into an agreement of lease on the terms found by the court. The defendant testified that no lease whatever was agreed upon, but that the only agreement between the parties was the one for personal services by the plaintiff at $25 a month. The defendant's brother gave testimony strongly corroborating that of the plaintiff relating to the agreement. It appears that the brother was not on friendly terms with the defendant, but that was a matter for the sole consideration of the trial court in passing on the credibility of the witness. The finding of the trial court from this conflicting evidence is conclusive on appeal.

At the time the lease was agreed upon the plaintiff was without financial or other means of farming the land, but he testified that that matter was then discussed and considered by the parties and that the defendant agreed to advance the money required to produce a crop. In this testimony, also, the plaintiff was corroborated by the defendant's brother. There is no blood relationship between the parties, but the plaintiff was an intimate friend of the defendant's son and had been living in the defendant's home for more than a year. The land held under the alleged lease is only a part of a larger tract owned by the defendant, the remainder and greater part thereof being leased to Henry Weirhauser.

■ Appellant contends that the respondent did not perform his part of the contract. The plaintiff testified that he and the defendant "talked about who would do the plowing and he said he thought that time Henry Weirhauser would just as well do it"; that in a later conversation Weirhauser asked, "Who is going to do Ernest's plowing,—is he going to buy an engine?" that the defendant replied, "No, he will have to do as all the others have done. . . . You can do the plowing"; that Weirhauser "plowed and harrowed. . . . I did the seeding. I used his outfit, his seeder"; that he also "worked on his (Weirhau-

ser's) outfit for fourteen and one-half days,'' for which Weirhauser gave credit on his bill for plowing and harrowing to the extent of $72.50; that the plaintiff bought and hauled the seed wheat and the defendant paid for it. Weirhauser testified that after he had finished the plowing and harrowing he told the defendant that the bill therefor was $400 and that he owed the plaintiff $72.50 for labor, leaving a balance of $327.50, which the defendant thereupon paid. This payment by the defendant, under the circumstances stated, tends to corroborate the plaintiff's testimony. After the planting of the wheat was completed there was nothing further to be done in the farming operations up to the time the plaintiff left, about March 2, 1928. At that time the defendant, for personal reasons which need not be stated, refused to permit the plaintiff to remain on the place. The defendant thereafter harvested the crop and refused to account to the plaintiff for any part thereof. The plaintiff testified that it was his plan to hire all the work to be done in his farming operations and that the defendant agreed to advance the money needed for that purpose. Under such circumstances it cannot be held that the foregoing evidence is insufficient to show performance of the terms of the lease on his part up to the time that the defendant prevented any further performance thereof.

Appellant contends that there is a fatal variance between the allegations of the complaint and the evidence and that some of the findings based on that evidence are outside the issues. Such evidence, however, was admitted without objection and the defendant introduced evidence bearing upon all the ultimate facts found by the court. It may fairly be stated, therefore, that the case was tried on the theory that such facts were in issue and neither party was misled to his prejudice. If the employment of the plaintiff to perform labor for the defendant be treated as a separate contract, proof of the amount due therefor without pleading it was proper as a set-off to the defendant's counterclaim. (23 Cal. Jur. 280.)

''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his

action or defense upon the merits.'' (Code Civ. Proc., sec. 469.)

"Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs.'' (Code Civ. Proc., sec. 470.)

The evidence is substantially conflicting on every issue in controversy on this appeal and, therefore, it is sufficient to sustain findings and a judgment for either party. Under such circumstances it is beyond the power of this court to interfere with the determination of the case by the trial court.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1930.